IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ENVIROWATCH, INC.; CARROLL COX; GARY SIU; and JOSEPH HERNANDEZ; individually, | ) ) ) ) | CIVIL NO. 07-00016 SOM-BMK ORDER DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CHIYOME L. FUKINO, M.D., Director of Health for the Department of Health, State of Hawaii | ) ) ) ) ) | |
| Defendant. | ) ) | |

ORDER DISMISSING CASE AND DENYING AS MOOT
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

I.     INTRODUCTION.

This case is before the court on a motion for temporary restraining order.  The State of Hawaii has found the City and County of Honolulu and the company operating its landfill to be in violation of the state permit for that landfill.  Plaintiffs, identifying themselves as citizens seeking to participate in government activity, say that the State of Hawaii and the violators of the permit are in settlement negotiations and that, under federal law, Plaintiffs are entitled to participate in some manner in the process.  Because Plaintiffs' Complaint fails to identify any right of participation under the Resource Conservation and Recovery Act or the Clean Water Act, the Complaint fails to allege an injury for standing purposes under those acts.  Accordingly, Plaintiffs' Complaint is dismissed, and

their motion for a temporary restraining order is denied as moot, as is their motion for a preliminary injunction, which was set for hearing in the future.

II.     Standard for Injunctive Relief.

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Haw. County Green Party v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw. 1997). To obtain either, a party must demonstrate:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant a preliminary injunction [or a temporary restraining order] if a plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor.

Earth Island Institute v. U.S. Forest Serv., 442 F.3d 1147, 1158 (9th Cir. 2006). To get injunctive relief, the required degree of irreparable harm increases as the probability of success decreases. Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994). When "the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Alaska v. Native Vill. of Venitie, 856 F.2d 1384, 1389 (9th Cir. 1988) (quoting Aguirre v. Chula Vista Sanitary

Serv., 542 F.2d 779 (9th Cir. 1976)).  If the plaintiff shows no chance of success on the merits, the injunction should not issue. E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006).  Under any formulation, the moving party must demonstrate a "significant threat of irreparable injury." Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

III.     FACTUAL BACKGROUND.

Waste Management of Hawaii, Inc., and the City and County of Hawaii operate the Waimanalo Gulch Municipal Solid Waste Landfill and Municipal Solid Waste Ash Monofill located in Kapolei, Hawaii ("Waimanolo Gulch Landfill").  See Complaint ¶ 11; Notice and Finding of Violation (Jan. 31, 2006) (attached to Plaintiffs' Motion for Temporary Restraining Order as Exhibit 1).

On June 2, 1994, pursuant to section 4005(c)(1) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6945(c)(1) ("RCRA"), the Environmental Protection Agency approved as adequate the State of Hawaii's State Municipal Solid Waste Permit Program.  See Final Determination of Adequacy of State Municipal Solid Waste Permit Program, 59 F.R. 28523 (June 2, 1994).

On or about May 15, 2003, the Department of Health of the State of Hawaii ("DOH") issued a renewal of a Solid Waste Management Permit, LF-0054-02, for the Waimanolo Gulch Landfill.

See Permit Renewal No. LF-0054-02 (May 15, 200) (attached to Opposition as Exhibit B).  This permit renewal was issued to Waste Management of Hawaii, Inc., and the City and County of Hawaii under Chapter 342H of the Hawaii Revised Statutes and Title 11, Chapter 58.1 of the Hawaii Administrative Rules.  Id.

On or about January 31, 2006, the DOH issued Waste Management of Hawaii, Inc., and the City and County of Hawaii a Notice and Finding of Violation ("Notice and Findings").  See Ex. 1.  The Notice and Findings stated that Waste Management of Hawaii, Inc., and the City and County of Hawaii (collectively, "Respondents") were in violation of numerous terms and conditions of Permit LF-0054-02.  Id.  These violations were stated in 18 counts contained in the Notice and Findings:

> Count I: Respondents had overfilled the ash monofill in violation of Special Condition III, item 9, of Permit LF-0054-02.
>
> Count II: Respondents had failed to timely submit annual operating reports in violation of Special Condition III, item 2, of Permit LF-0054-02.
>
> Count III: Respondents had failed to place daily cover of earthen material on the active face of the landfill in violation of Special Condition IIIA, item 2, of Permit LF-0054-02.
>
> Count IV: Respondents had failed to place intermediate cover material on the ash monofill in violation of Special Condition IIIB, item 2, of Permit LF-0054-02.
>
> Count V: Respondents had exceeded the maximum leachate head allowance on the ash monofill

liner in violation of Hawaii Administrative Rule 11-58.1-14(b)(1).

Count VI: Respondents had exceeded the maximum leachate head allowance on the E-cell liner in violation of Hawaii Administrative Rule 11-58.1-14(b)(1).

Count VII: Respondents had failed to measure leachate levels and maintain records on leachate levels in violation of Special Condition III, item 6, of Permit LF-0054-02, and in violation of their Groundwater and Leachate Monitoring Plan.

Count VIII: Respondents had failed to measure leachate levels and maintain records on leachate levels in the Ash Monofill Sump in violation of Special Condition III, item 6, of Permit LF-0054-02, and in violation of their Groundwater and Leachate Monitoring Plan.

Count IX: Respondents had failed to notify DOH of noncompliance with respect to equipment blockage in Cell 4-B in violation of General Condition I, item 5, of Permit LF-0054-02.

Count X: Respondents had failed to notify DOH in a timely manner of their exceeding the permit grades and failure to submit annual reports in violation of General Condition I, item 5, of Permit LF-0054-02.

Count XI: Respondents had stored rocks on the ash monofill in violation of Special Condition IIIB, item 5, of Permit LF-0054-02.

Count XII: Respondents had failed to manage and ban the acceptance of "special waste," namely tires, in violation of Special Condition IIIA of Permit LF-0054-02.

Count XIII: Respondents had failed to maintain records and locations of asbestos disposal at the landfill in violation of

>   Special Condition IIIA, item 9, of Permit LF-0054-02.
>
>   Count XIV: Respondents had failed to cover a dead animal in violation of Special Condition IIIA, item 10, of Permit LF-0054-02.
>
>   Count XV: Respondents had failed to submit an annual surface water management plan in violation of Special Condition III, item 11h, of Permit LF-0054-02.
>
>   Count XVI: Respondents had failed to control dust generated by vehicular traffic in violation of Special Condition III, item 11 and 11m, of Permit LF-0054-02.
>
>   Count XVII: Respondents had failed to minimize litter free in the landfill in violation of Special Condition IIIA, item 8, of Permit LF-0054-02.
>
>   Count XVIII: Respondents had failed to monitor explosive gases and maintain monitoring records in violation of Special Conditions III, item 11, and IIIA, item 7, of Permit LF-0054-02, in violation of General Conditions I, item 9, and in violation of section 11-58.1-15(d) of the Hawaii Administrative Rules.

See Id.

Plaintiffs say that the DOH and Respondents are in settlement discussions to allow Respondents to pay a reduced fine. See Complaint (Jan. 12, 2007) ¶ 16. Plaintiffs say that the settlement discussions are being conducted in secret, and that they are not being allowed to participate in them. Id. ¶ 17. Plaintiffs claim a right to participate in the settlement discussions. Complaint ¶ 18. The DOH indicates, however, that it is not currently in settlement negotiations with Respondents.

6

See Declaration of Laurence K. Lau (Feb. 6, 2007) ¶ 8 and 11 (indicating that the Notice and Findings have been assigned to a hearing officer for a contested case hearing, and that "there are no settlement negotiations in progress").

IV.     ANALYSIS.

Plaintiffs filed this action under the citizen suit provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, and the Clean Water Act, 33 U.S.C. § 1365.  In reviewing the Complaint in connection with the motion for temporary restraining order, the court recognized that the Complaint raised questions about whether this court had jurisdiction over Plaintiffs' claims.  Before the court may rule on a temporary restraining order motion, the court must assure itself that the case does indeed fall within its jurisdiction. Toward that end, the court notified counsel before the hearing on the temporary restraining motion that it was inclined to dismiss the Complaint for lack of jurisdiction.  The hearing itself focused on that issue.  The court now concludes that the Complaint fails to allege an injury under either RCRA or the Clean Water Act.  The court sua sponte dismisses the Complaint. See B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.").

7

      A.   <u>RCRA.</u>

In pertinent part, the citizen suit provision of RCRA states:

> any person may commence a civil action on his own behalf--(1)(A) against any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter

42 U.S.C. § 6972 (1)(A).

Plaintiffs bring this citizen suit under RCRA to force the DOH to allow them to participate in what Plaintiffs characterize as DOH's enforcement of RCRA through the DOH's enforcement of the state permit.  A RCRA claim exists only if the Notice and Findings, which allege violations of state, not federal, law also concern violations of RCRA.  That requirement was made clear by the Ninth Circuit in <u>Ashoff v. City of Ukiah</u>, 130 F.3d 409 (9th Cir. 1997).  That case was a RCRA citizen suit brought under circumstances similar to those before this court.

In <u>Ashoff</u>, the Ninth Circuit noted that, "if state standards become effective pursuant to RCRA, a citizen can sue in federal court to enforce the standard[s]."  <u>Id.</u> at 411 (quotation marks omitted).  Because California had created a solid waste management program under RCRA, 42 U.S.C. §6945(c)(1), and because the EPA had approved that program, citizens could sue under RCRA

8

to enforce California state standards that required what federal law required. Id.  In that case, "federal criteria give the state standards legal effect under federal law." Ashoff, 130 F.3d at 411.  If, however, state law was more stringent than federal law, a violation of state law was not a violation of RCRA. Id. at 412 ("RCRA does not authorize suits based on state standards that are more stringent than the federal criteria because they do not become effective pursuant to RCRA.").  "Thus, under settled law, if the [state] standards at issue here are not 'more stringent' than the federal criteria under RCRA, a violation of either the state or the federal standards is a violation of RCRA for which a citizen may bring suit." Covington v. Jefferson County, 358 F.3d 626, 642 (9th Cir. 2004).

Plaintiffs here assume that Respondents' violations of the state permit, which is part of the permitting procedure authorized by RCRA and approved by the EPA, are also violations of RCRA.  Plaintiffs, however, fail to discuss how any of the violations listed in the Notice and Findings also violates RCRA. This court must determine through a "stringency analysis" whether there is a violation of RCRA with respect to which RCRA's citizen suit provision applies. Covington, 358 F.3d at 642 (holding that a district court erred by not conducting a "stringency analysis").  At least one of the violations, Count III of the Notice and Findings, appears to concern a RCRA requirement.

9

Hawaii's permitting program covering the Waimanalo Gulch Landfill became effective pursuant to RCRA. See 59 F.R. 28523. Accordingly, if the permit's standards are the same as RCRA's requirements, the DOH's enforcement of a condition of the permit is enforcement of RCRA.

Count III of the Notice and Findings alleges that Respondents did not cover the landfill with a minimum of six inches of earthen material at the end of each operating day. Count III alleges that, on numerous occasions, there was inadequate soil cover at the landfill. In Covington, the Ninth Circuit examined an Idaho requirement that similarly required six inches of cover at the end of each operating day. The Ninth Circuit concluded that Idaho's requirement was not more stringent than RCRA's and that a violation of Idaho's six-inch cover requirement at the end of each day was a violation of RCRA. Covington, 358 F.3d at 643. It therefore appears that, with respect to at least one of the violations in the Notice and Findings, the DOH, in enforcing the state standards, is enforcing a RCRA requirement subject to RCRA's citizen suit provision.

Plaintiffs argue that Chiyome Fukino, the Director of the DOH, is a "person" violating a RCRA requirement.[1] Plaintiffs say that, under RCRA,

---

[1] Plaintiffs are not arguing that Fukino is violating a permit issued pursuant to RCRA. It is only Respondents who are alleged to have violated the permit.

> Public participation in the development,
> revision, implementation, and enforcement of
> any regulation, guideline, information, or
> program under this chapter shall be provided
> for, encouraged, and assisted by the
> Administrator[2] and the States.[3] The
> Administrator, in cooperation with the
> States, shall develop and publish minimum
> guidelines for public participation in such
> processes.

42 U.S.C.A. § 6974(b)(1). Plaintiffs say that Fukino is violating RCRA's public participation requirement by not allowing Plaintiffs to participate in the settlement discussions concerning enforcement of RCRA violations. Even assuming the DOH is conducting private settlement negotiations with Respondents, Plaintiffs' Complaint does not identify how such negotiations violate the "minimum guidelines for public participation" in the enforcement of RCRA violations.

The minimum guidelines for public participation in activities under RCRA are set forth in 40 C.F.R., part 25. See 40 C.F.R. § 25.1 ("This part sets forth minimum requirements and suggested program elements for public participation in activities under the Clean Water Act (Pub. L. 95-217), the Resource Conservation and Recovery Act (Pub. L. 94-580), and the Safe

---

[2]"Administrator" is defined as "the Administrator of the Environmental Protection Agency." 42 U.S.C. §6903(1).

[3]"State" is defined as "any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands." 42 U.S.C. § 6903(31).

Drinking Water Act (Pub. L. 93-523."). In this court's usual prehearing Inclinations, the court asked Plaintiffs to come to the hearing prepared to identify how the DOH's alleged refusal to allow Plaintiffs to participate in the settlement negotiations violates these minimum guidelines. Plaintiffs did not identify how the DOH's actions violated the minimum guidelines for public participation. Rather, Plaintiffs conceded that they had not identified and were not identifying any statutory or regulatory basis for their claimed right to participate in the settlement process.[4]

Absent a requirement that Plaintiffs be allowed to participate in the settlement negotiations, Plaintiffs suffered no injury-in-fact for standing purposes. Plaintiffs' RCRA claims are dismissed for lack of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (to have standing to maintain a claim, a plaintiff must demonstrate: 1) an injury in fact--an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; 2) a causal relationship between the injury and the challenged conduct--an injury that is fairly

---

[4]Although the Complaint alleged that Plaintiffs have an interest in the settlement discussions, see Complaint ¶ 18, Plaintiffs indicated at the hearing that they are not seeking to actually participate in the settlement negotiations. Instead, Plaintiffs indicated at the hearing that they wanted to be informed of the status of the settlement and wanted to have an opportunity to comment on proposed settlements.

traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) a likelihood, not mere speculation, that the injury will be redressed by a favorable decision).

V.      Clean Water Act.

Plaintiffs also say that they have a right to bring this action under the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(a)(1), which allows private citizens to

> commence a civil action on his own behalf--
> (1) against any person (including (I) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation . . . .

33 U.S.C. § 1365(a)(1). Plaintiffs say that they have a right to be provided with public notice of and a reasonable opportunity to comment on orders assessing civil penalties under the Clean Water Act. See 33 U.S.C. § 1319(g)(4).

Although the Complaint fails to specifically identify how the DOH is enforcing the Clean Water Act through the DOH's issuance of the Notice and Findings, Plaintiffs stated at the hearing that the alleged violations of the permit pertaining to leachate levels, Counts VI through VIII, are violations of the Clean Water Act. Even assuming the Notice and Findings were part

of the DOH's attempt to enforce the Clean Water Act, Plaintiffs' Clean Water Act, like their RCRA claim, is dismissed. The minimum guidelines for public participation in activities under the Clean Water Act are set forth in 40 C.F.R., part 25. Plaintiffs do not allege that the DOH's failure to allow Plaintiffs to participate in the settlement negotiations violates these minimum guidelines. As pled, the Complaint does not suggest a Clean Water Act injury for standing purposes. Accordingly, Plaintiffs' Clean Water Act claim, Count 1, is dismissed.

VI.     PLAINTIFFS ARE GRANTED LEAVE TO AMEND THEIR COMPLAINT.

It is possible that Plaintiffs can assert injuries under RCRA and the Clean Water Act. Plaintiffs are therefore granted leave to amend their Complaint. See generally Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal . . . ." (citations omitted)).

The DOH argues that any such amendment would be futile because Plaintiffs failed to comply with the notice requirements set forth in 42 U.S.C. § 6972(b)(1)(A)(iii). It may well be that § 6972(b)(1)(A)(iii) will apply to bar Plaintiffs' RCRA claim.

However, this court has not had briefing on the matter and declines to rule sua sponte that, as a matter of law, Plaintiffs' RCRA claim is barred by § 6972(b)(1)(A)(iii).  It may be, for example, that § 6972(b)(1)(A)(iii) is inapplicable because this suit is not "respecting a violation of subchapter III of this chapter," 42 U.S.C. §§ 6921-6939e, or because that section has no bearing on Plaintiffs' Clean Water Act claim.  Should Plaintiffs file an amended complaint, the DOH may, of course, file an appropriate motion based on § 6972(b)(1)(A)(iii).

Plaintiffs must file any First Amended Complaint no later than March 19, 2007.  Failure to file an amended complaint by that date will result in the automatic dismissal of this action.

In any amended complaint, Plaintiffs should consider identifying the appropriate sections of RCRA and the Clean Water Act involved in the DOH's enforcement of the alleged permit violations.  That is, it would be helpful if Plaintiffs would allege that, when the DOH found a particular violation, such a finding would also be a violation of a specifically cited RCRA provision and/or a violation of a specifically cited Clean Water Act provision.  Plaintiffs should then identify how their right(s) to public participation in the enforcement of those statutes have been violated, including a citation to the applicable statutory or regulatory provision.  While Rule 8(a) of

the Federal Rules of Civil Procedure does not require this much detail in a complaint, such detail will allow all of the parties, as well as the court, to fully understand Plaintiffs' claims, which, in turn, may prevent discovery disputes and may streamline the litigation process.

VII.    CONCLUSION.

As it alleges only violations of RCRA and the Clean Water Act, for which they lack standing, Plaintiffs' Complaint is dismissed, and their motion for a temporary restraining order is denied as moot.  Plaintiffs are given leave to amend their Complaint no later than March 19, 2007.  If Plaintiffs file such an amended complaint, they may, of course, seek another temporary restraining order or preliminary injunction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Envirowatch, et al. v. Fukino, Civil No. 07-00016 SOM/BMK; ORDER DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER