IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVIROWATCH, INC.; CARROLL COX; GARY SIU; and JOSEPH HERNANDEZ; individually,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CHIYOME L. FUKINO, M.D., Director of Health for the Department of Health, State of Hawaii<br><br>        Defendant. | CIVIL NO. 07-00016 SOM-BMK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

I.      INTRODUCTION.

Defendant Chiyome Fukino, Director of Health for the Department of Health, State of Hawaii ("DoH"), moves for dismissal of the First Amended Complaint filed by Plaintiffs Envirowatch, Inc., Carrol Cox, Gary Siu, and Joseph Hernandez (collectively, "Envirowatch"). Envirowatch asserts in the First Amended Complaint that DoH violated the public participation requirements of the Clean Water Act ("CWA") and Resource Conservation and Recovery Act ("RCRA") by not encouraging or allowing the public to participate in the enforcement of CWA and RCRA violations. Envirowatch is not asserting that DoH is violating some substantive prohibition pertaining to environmental waste.

The State of Hawaii has found the City and County of Honolulu ("City") and the company operating its landfill, Waste Management of Hawaii, Inc. ("Waste Management"), to be in violation of the state permit for that landfill.  The State allegedly ordered the City and Waste Management to pay a civil penalty without providing public notice or opportunity to comment.  First Amended Complaint (March 19, 2007) ¶¶ 39-41. Envirowatch says that the State violated CWA and RCRA public participation requirements when the State ordered the City and Waste Management to pay a penalty without first giving the "public notice and an opportunity to comment."  Id. ¶¶ 57, 76. At the hearing on the present motion, Envirowatch confirmed that it is abandoning its claim under the CWA, but is continuing to pursue its claim that the citizen suit provision of RCRA (42 U.S.C. § 6972) allows Envirowatch to assert the public participation claim found in Count II of the First Amended Complaint.

DoH moves for dismissal of the First Amended Complaint, arguing that it fails to state a claim upon which relief can be granted.  Motion at 1.  DoH contends that the allegations in the First Amended Complaint are "not within the statutory bounds for citizen suits under either [the CWA citizen suit provision] or [the RCRA citizen suit provision]."  Motion at 2.  DoH also argues that the First Amended Complaint must be dismissed because

Envirowatch failed to comply with the "sixty-day, post-notice, pre-suit delay requirements for citizen suits," and because the relief Envirowatch seeks is "disconnected from the allegations of the complaint." Motion at 2.

As Envirowatch failed to comply with the RCRA notice provision, this court lacks subject matter jurisdiction and dismisses the First Amended Complaint without prejudice.

II.     LEGAL STANDARD.

As discussed in more detail below, DoH is bringing a factual challenge to this court's subject matter jurisdiction, contending that Envirowatch failed to comply with the sixty-day notice provisions before commencing this action. Accordingly, instead of analyzing this matter under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the movant cites, the court analyzes it under Rule 12(b)(1).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in

the light most favorable to the nonmoving party.  <u>Federation of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996).  When, as here, the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact.  <u>Thornhill</u>, 594 F.2d at 733.  Because DoH's motion is a factual attack on this court's subject matter jurisdiction, this court may accept and evaluate evidence to determine whether jurisdiction exists.  <u>See</u> <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988) ("when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"); <u>Biotics Research Corp. v. Heckler</u>, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into a motion for summary judgment).

III.     <u>FACTUAL BACKGROUND.</u>

The City and Waste Management operate a landfill at Waimanalo Gulch in Leeward Oahu.  First Amended Complaint ¶ 38.  On or about January 31, 2006, DoH issued the City and Waste Management a Notice and Finding of Violation ("Notice and

Finding"). Id. ¶ 39. On or about February 1, 2006, DoH allegedly ordered the City and Waste Management to pay the State a penalty of $2,769,616.00 for the violations. Id. ¶ 40. Envirowatch alleges that DoH did not notify the public in advance, or provide any opportunity for public comment, before assessing that penalty. Id. ¶ 41.

It is undisputed that, on January 4, 2007, Envirowatch notified DoH of its intent to bring a citizen enforcement action against DoH pursuant to the citizen suit provisions of CWA and RCRA. Eight days later, on January 12, 2007, Envirowatch filed the original Complaint in this action. See Complaint (Jan. 12, 2007).

On February 28, 2007, this court dismissed the original Complaint, determining that Envirowatch lacked standing to assert the CWA and RCRA Claims alleged in the Complaint. Order Dismissing Case (Feb. 28, 2007) at 13-14. However, this court granted Envirowatch leave to amend the Complaint. Id. at 14. Envirowatch filed an Amended Complaint on March 19, 2007. The First Amended Complaint asserts two claims pursuant to the CWA and RCRA citizen suit provisions and contends that DoH is violating the public participation requirements of those statutes.

IV.     ANALYSIS.

   A.  Compliance With the RCRA Citizen Suit Notice
       Provision Is a Jurisdictional Prerequisite For a
       Citizen Suit Claim Alleging Violations of RCRA.

Envirowatch brings this action under the citizen suit provisions of RCRA, 42 U.S.C. § 6972.  DoH argues that the RCRA claim must be dismissed because "[Envirowatch] did not comply with the sixty-day delay after notice requirement" of the RCRA citizen suit provision.  Motion at 4-5.  Envirowatch argues that it need not comply with the RCRA notice requirement because its claim alleges hazardous waste violations, which are not subject to the notice requirement.  Opp. At 6-7.

This court concludes that Envirowatch did not comply with the RCRA notice provision, and that its claims do not fall under any exception to that provision.  Accordingly, the court dismisses the First Amended Complaint.

In pertinent part, the citizen suit provision of RCRA states:

> any person may commence a civil action on his
> own behalf--(1)(A) against any person
> (including (a) the United States, and (b) any
> other governmental instrumentality or agency,
> to the extent permitted by the eleventh
> amendment to the Constitution) who is alleged
> to be in violation of any permit, standard,
> regulation, condition, requirement,
> prohibition, or order which has become
> effective pursuant to this chapter.

42 U.S.C. § 6972 (a)(1)(A).  A citizen's ability to bring suit under RCRA is limited:

> No action may be commenced under subsection
> (a)(1)(A) of this section prior to sixty days
> after the plaintiff has given notice of the
> violation . . . except that such action may
> be brought immediately after such
> notification in the case of an action under
> this section respecting a violation of
> subchapter III of this chapter . . . .

42 U.S.C. § 6972 (b)(1)(A).

Compliance with the RCRA citizen suit notice provision goes to this court's subject matter jurisdiction. <u>Covington v. Jefferson County</u>, 358 F.3d 626, 636 (9th Cir. 2004). ("Absent compliance with a required notice provision, we lack subject matter jurisdiction to hear the RCRA claims.")

> B.   The Court Lacks Jurisdiction Over Envirowatch's
>      Claims Because This Action Was Commenced Within
>      Sixty Days of Giving Notice.

The sixty-day notice provision of the RCRA citizen suit provision was designed to strike a balance between "encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 29-30 (1989). The notice provisions "allow Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits[,] . . . [and] notice gives the alleged violator an opportunity to bring itself into complete compliance . . . and thus likewise render unnecessary a citizen suit." <u>Hallstrom</u>, 493 U.S. at 29-30. Thus, "a plaintiff may not file suit before fulfilling the 60 day notice requirement," and

7

failure to comply with the notice provision mandates dismissal. <u>Hallstrom</u>, 493 U.S. at 26.

Envirowatch did not comply with the sixty-day notice provision.  This case was "commenced" when its original Complaint was filed with the court only eight days after Envirowatch gave notice of its intent to sue.  The subsequent filing of the First Amended Complaint more than sixty days after notice was given does not give rise to jurisdiction.

In the original Complaint filed on January 12, 2007, Envirowatch asserted a CWA claim and RCRA claim pursuant to the CWA and RCRA citizen suit provisions.  Original Complaint ¶¶ 28, 30.  These claims sought to force DoH to encourage and provide for public participation in the enforcement of CWA and RCRA violations.  <u>Id.</u>, Prayer for Relief.  Envirowatch asserted the same claims in its First Amended Complaint.  The First Amended Complaint, however, was filed on March 19, 2007, more than sixty days after Envirowatch had provided notice of its intent to sue. This court has found no case decided after <u>Hallstrom</u> in which the court looked to the amended complaint, rather than the original complaint, in determining whether a plaintiff had satisfied the sixty-day notice provision of a RCRA citizen suit statute when the two complaints contain the same claims.  To the contrary, in a case procedurally similar to the one before this court, the District Court for the Western District of Missouri held, "[T]his

Court never had subject matter jurisdiction over [plaintiff's] RCRA claim and is not vested with it by virtue of [plaintiff's] filing an amended cross-claim reiterating it[s] previously asserted RCRA claim." KC 1986 Lts. Pshp. v. Reade Mfg., 33 F. Supp. 2d 1143, 1155-56 (W.D. Mo. 1998).

The sixty-day notice period was intended by Congress to allow the alleged violator to cure the alleged violation before litigating a case. See Hallstrom, 493 U.S. at 29-30. Even though the First Amended Complaint was filed after the sixty days had passed, dismissal of this action is consistent with this legislative purpose.

This court recognizes that, before Hallstrom, some courts did exercise jurisdiction when the original complaint was filed within the sixty-day notice period, but the amended complaint was filed more than sixty days after notice was given. In Chicago Association of Commerce and Industry v. United States Environmental Protection Agency, 873 F.2d 1025, 1031 (7th Cir. 1989), for example, the court noted that, although dismissal without prejudice of the original complaint and refiling of a new complaint is preferred, "unless we are to become a citadel of technicality, proliferating unnecessary and duplicative paperwork, we will not rest jurisdiction on variations of this kind." Chicago Ass'n of Commerce & Indus., 873 F.2d at 1031 n.11 (internal citations omitted). However, a little less than half a

year later, Hallstrom made it clear that a court cannot exercise jurisdiction over a case commenced within the sixty-day notice period, and that "a district court may not disregard [the sixty-day notice requirement] at its discretion." Hallstrom, 493 U.S. at 31.

After Hallstrom, courts have consistently held that jurisdiction may be based on an amended complaint filed more than sixty days after the notice of intent to sue only if the claim requiring sixty-day notice is brought for the first time in the amended complaint. "For the purposes of a notice and delay provision relating to a new claim which appears for the first time in the pleadings in the amended complaint, the court will look to the filing of the amended complaint to determine when the action is commenced." E.g., Zands v. Nelson, 779 F. Supp. 1254, 1258-59 (S.D. Cal. 1991). Here, Envirowatch's First Amended Complaint contains the same RCRA claim stated in the original pleading.

This court lacks subject matter jurisdiction over Envirowatch's RCRA claim given the short gap between the giving of notice and the commencing of this action, unless Envirowatch establishes an exception to the RCRA notice provision.

        C.    Envirowatch's RCRA Claim Does Not Fall Within Any Exception to the Sixty-Day Notice Provision.

Envirowatch argues that RCRA's sixty-day jurisdictional notice provision is "waived for cases alleging violations of 'Hazardous Waste Management' so that suit may be brought immediately after notification." Opp. at 7. Envirowatch argues that, because the First Amended Complaint discusses violations of hazardous waste management provisions, the RCRA claim falls within the exception to the sixty-day notice requirement. Opp. at 7-8. This court is unpersuaded.

The RCRA citizen suit provision was promulgated with the expectation that allowing citizens to bring suit would abate pollution. See Gwaltney of Smithfield, Ltd., v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 60-61 (1987). Congress intended citizen suits to "supplement, rather than supplant, enforcement actions by the Government." Sierra Club v. Whitman, 268 F.3d 898, 905 (9th Cir. 2001). As Congress intended "the great volume of enforcement actions be brought by the State," citizen suits are only proper when "the Federal, State, and local agencies fail to exercise their enforcement responsibility." Gwaltney, 484 U.S. 49 at 60.

Congress provided an exception to RCRA's sixty-day notice period for "actions . . . respecting a violation of subchapter III of this chapter." Covington, 358 F.3d at 637. See also 42 U.S.C. § 6972(b)(1)(A). Subchapter III is titled

11

"Hazardous Waste Management" and governs hazardous waste treatment, storage, and disposal. Congress intended to allow citizens to bring suit immediately when alleging hazardous waste violations because of the substantial danger hazardous waste presents to human health and the environment. Noting the "dangers of delay" when hazardous waste is involved, Congress "made exceptions to the required notice period" of RCRA. Hallstrom, 493 U.S. at 30; see also Covington, 358 F.3d at 637 ("It is not surprising that Congress put aside notice requirements when plaintiffs alleged violations of RCRA that involve presence of or mishandling of hazardous waste.")

   Envirowatch says that DoH violated RCRA by failing to allow the public to participate and comment before assessing a penalty on the City and Waste Management. First Amended Complaint ¶ 76. Envirowatch's RCRA claim is titled "Violation of Public Participation Requirements of the Solid Waste Disposal Act and the Resource Conservation and Recovery Act."[1] The Public participation requirements of RCRA are found in subchapter VII of RCRA, not subchapter III. See 42 U.S.C. § 6974. Envirowatch is unpersuasive in arguing that violations of the public participation requirements in subchapter VII are violations "respecting a violation of subchapter III." 42 U.S.C. § 6972.

---

[1] RCRA amended the federal Solid Waste Disposal Act in 1976.

Envirowatch's RCRA claim is not brought to stop alleged hazardous waste pollution, but to permit Envirowatch to participate in enforcement of RCRA. Thus, in the First Amended Complaint's prayer for relief, Envirowatch requests a final judgment declaring that "Defendant's conduct in failing to encourage and provide public participation as required by the Clean Water Act and the Resource Conservation and Recovery Act is unlawful"; a permanent injunction ordering DoH "to comply with federal requirements in [CWA] and [RCRA] that public participation be encouraged and assisted"; and costs and attorney fees. First Amended Complaint, Prayer for Relief.

Envirowatch does not seek a court ruling ending violations of subchapter III. Envirowatch does not allege that DoH violated RCRA by disposing of or managing hazardous waste improperly. To the contrary, Envirowatch recognizes that the DoH fined the City and Waste Management for alleged mishandling of waste. At most, Envirowatch mentions hazardous waste three times in the Amended Complaint, and only in Part IV, titled "General Allegations." Envirowatch argues that DoH has not assigned a full-time hazardous waste spotter to prevent "hazardous material from being deposited at the landfill." First Amended Complaint ¶ 50. Envirowatch also contends that DoH "has still not taken diligent enforcement action to assure that trained spotters will prevent regulated hazardous and special wastes from being

13

deposited in the Landfill, and therefore Plaintiffs allege ongoing violations of 42 U.S.C. Subchapter III Hazardous Waste Management, pursuant to the definition of 'hazardous waste' in 42 U.S.C. 6903(5)." First Amended Complaint ¶ 51. Lastly, Envirowatch posits that the landfill has "the characteristics of regulated hazardous waste, such as ignitability, reactivity, toxicity, and corrosiveness." First Amended Complaint ¶ 33. The First Amended Complaint does not specify what type of hazardous waste has been deposited, or what specific subchapter III violation, DoH has violated. The First Amended Complaint alleges only as background DoH's alleged failure to implement measures that might prevent alleged hazardous waste from being deposited at the landfill.

The Second Circuit has stated, "Section 6972 appears to require more to excuse statutory delay than that a suit generally involves hazardous waste or hazardous waste management; the action must also be one "respecting a violation" of the provisions of subchapter III or the regulations promulgated thereunder." Bldg. & Constr. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 155 (2d Cir. 2006). Envirowatch is not here seeking an order stopping a violation of subchapter III directly or even a court order that DoH assign a spotter, train or supervise a spotter, or handle any landfill differently. Envirowatch's aim is instead to

participate in discussions relating to hazardous waste issues. Those discussions might lead to assignment, training, or supervision of a spotter, or to different handling of a landfill, but this suit seeks no court order respecting the content or outcome of any public participation.  This is not, as presently pled, a suit "respecting a violation" of subchapter III.

Envirowatch was not excused from complying with RCRA's sixty-day notice provision, and Envirowatch therefore may not prosecute its RCRA claim in this action.

V.        CONCLUSION.

Envirowatch's CWA claim is withdrawn by Envirowatch, and its RCRA claim is dismissed without prejudice for failure to comply with the jurisdictional sixty-day notice requirement.  As this order disposes of all claims, the Clerk of the Court is directed to enter judgment in favor of DoH and to terminate this action.  The court does not here decide whether Envirowatch may immediately file a new suit under Hallstrom or any other case, leaving that matter for consideration in any new action Envirowatch may commence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2007.



_____
Susan Oki Mollway
United States District Judge

Envirowatch, et al. v. Fukino, Civil No. 07-00016 SOM/BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS